UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN C. FONTENOT | CIVIL ACTION NO. 09-1864 |
| VS. | SECTION "P" |
| LOUISIANA DEPT. OF CORRECTIONS | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. § 1983[1] on October 28, 2009 by *pro se* petitioner, John C. Fontenot. At the time of filing, petitioner was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He was incarcerated at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.[2] Petitioner complains that the LDOC miscalculated his sentence which resulted in his unlawful imprisonment from October 5, 2009 through March 16, 2010.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to proceeding in federal court.

---

[1] Petitioner filed this matter as a civil rights case pursuant to 42 USC § 1983. However, the court has determined that this matter should have been filed pursuant to 28 USC §2241 and has so construed the pleading.

[2] Petitioner was released from CCC in March 2010.

### *Statement of the Case*

Petitioner alleges that on March 24, 2004, he was sentenced in Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, under docket #9259-03 to five years imprisonment with all but two years of the sentence suspended. The remaining three years of his sentence were to be served on probation. On an unknown date, petitioner received the same sentence in docket #3082003. Both sentences were ordered to run concurrently.

Petitioner states that he was incarcerated from March 2003 to March 2004. Upon release, he served out the remainder of his jail term (one year) on parole. Following his one year of parole, plaintiff continued on probation for the remaining 3 years of his sentence. On November 25, 2005, he was placed back into custody for a probation violation. Plaintiff states that his probation was revoked in both docket #9259-03 and #3082003. According to petitioner, he received credit for time served on both docket numbers since the date he was incarcerated; November 25, 2005.

Plaintiff claims that instead of serving a three year sentence, the DOC calculated that he had to serve four years. In March 2009, while incarcerated at Hunt Correctional, petitioner filed a grievance and the DOC responded to plaintiff as follows:

> "You, John C. Fontenot, are charged to serve four years on docket #9259-03. Your court minutes stated (July 7, 2006) that the defendants probation be revoked and that the original sentence of five years be imposed and that the defendant serve on the balance of the sentence." (Therefore, the balance of your sentence was 4 years.) . . . "On docket 3082003 your court minutes stated that your probation be revoked and that the defendant be imposed with the suspended sentence CTS.

Doc. 5, p. 5

Petitioner claims that in docket #9259-03, by ordering him to serve 4 years, the DOC wrongfully ignored the one year that he served on parole. He claims this constitutes double jeopardy.

Petitioner further alleges that when he was released from custody on April 13, 2009, he was ordered to serve one year on parole; until April 3, 2010. On October 10, 2009, petitioner was placed into custody for parole violations. Thereafter, on December 16, 2009, he states that his parole was revoked at a parole board hearing at Phelps Correction Center, where he was sentenced to serve ninety days. Petitioner was released from Calcasieu Correctional Center in March 2010.

As relief, petitioner seeks to be free with no parole, and that the DOC review and recalculate his sentence.

*Law and Analysis*

Federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether he seeks relief pursuant to 28 U.S.C. § 2241 or § 2254. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). See also, *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205. Further, as a matter

of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Since petitioner seeks a speedier release from custody (to be free with no parole) and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.[3]

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose, Id. at* 510. A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner's pleadings are silent with respect to the issue of whether or not he fully exhausted available state court remedies before proceeding in federal court. Nevertheless, a review of the presumptively reliable published jurisprudence of the State of Louisiana establishes that petitioner has not litigated any claim before the Louisiana Supreme Court. The available evidence establishes beyond any doubt that petitioner has not fully exhausted the claim he brings in this petition for federal *habeas corpus*.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears that the petitioner has failed to exhaust all available state court remedies.

---

[3] Petitioner *may* have exhausted administrative remedies; however, before proceeding in federal court, he

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers in Lake Charles, Louisiana on the 27th day of August, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

must litigate the substance of his federal constitutional claims in the Louisiana courts.